Matthias, J.
If the finding, order and decree in the original proceeding was tantamount to a judgment for a sum of money stated, or ascertainable from the record, against the defendants in that suit, the plaintiff below in this action. was clearly entitled to a revivor thereof by virtue of the provisions of Sections 11645 and 11648, General Code.
The contention of the defendants below (presented by plaintiff in error here) is that in the original proceeding no judgment' was rendered, *345 but only a finding made by the court of the amount due upon the mortgage claim, and a decree foreclosing the mortgage and directing the sale of the premises therein described to satisfy such claim; that this action, therefore, is one only to recover the unpaid balance; and that such action is barred by the statute of limitations. To support this contention counsel relies with much confidence upon the case of Doyle v. West, 60 Ohio St., 438, the syllabus of which is as follows:
“1. In a suit to foreclose a mortgage, there was a finding of the amount due and the usual order of sale, if not paid in a certain time named. There was no prayer for a judgment, and none was rendered, and no order for an execution for any balance that might remain after applying the proceeds. A sale was made and after applying the proceeds, a balance of $102.21 remained. Held, that an action can be maintained on the finding for the recovery of this balance as a debt, evidenced by record.
“2. The statute of limitations was raised by demurrer; and it appearing from the petition that more than seventeen years had elapsed from the application of the proceeds, and no intermediate payments having been made. Held, that under our statute of limitations, the action is barred.
“3. ' Whether the limitation is fifteen, or ten, years, is not necessary to determine in this action; and is left undecided.”
In the petition in that suit, which was instituted in Lucas county, it was set up that in an action to foreclose a mortgage, instituted in the court of *346 common pleas of Ottawa county by West against Doyle, the court found the amount due and made the usual order of sale, and in pursuance thereof the land described in the mortgage was sold, and after payment of costs the remainder of the proceeds was applied to the plaintiff’s claim, leaving a balance unpaid, for which balance the Lucas county action was brought. In deciding that case the court noted as facts worthy of' consideration, and they seem to have in some measure influenced the conclusions of the court, that in the original proceeding the petition contained no prayer for a judgment, that no judgment was rendered, nor was it ordered that an execution issue for any unpaid balance.
In the instant case the action is one for revivor of a judgment, and is brought in the same court as the original action, wherein personal service was had upon the defendant, and in his petition plaintiff prayed not only for a foreclosure of his mortgage and a determination of the amount due him, and a sale of the mortgaged premises to satisfy the same, but prayed further for “judgment * * * against each of the defendants including execution for any balance remaining unpaid after exhausting the property.” In accordance with the prayer of the petition in that proceeding the court not only found the amount due the plaintiff, but thereupon “ordered, adjudged and decreed” that the defendants pay the same together with the cost of suit within five days, and that in default thereof the lands and tenements described in the petition be sold, and, further, that plaintiff have execution *347 against the goods and chattels, lands and tenements of the defendants for any balance remaining unpaid after exhausting said property. Thereafter an execution was issued for the balance remaining unpaid after applying the proceeds of the sale of the mortgaged premises upon the amount found due plaintiff, which was returned unsatisfied.
It is not essential that any prescribed form of expression be employed by a court in the rendition of a judgment to make the same valid and effective. It is to be tested by its substance rather than its form. Although the usual formula is, “it is considered by the court that plaintiff recover from the defendant,” etc., there is no magic in that formula, and any terms may be employed which clearly indicate that the sentence is the judicial act of the court adjudicating the matter in controversy. 23 Cyc., 670.
In this case the situation is precisely the same as if the court, in the original proceeding, after finding the amount due the plaintiff from the defendant upon the claim set up in the petition, had ordered, adjudged and decreed that an execution issue for the entire amount against the goods and chattels, lands and tenements of the defendant. It is not an essential part of the judgment that it authorize, or direct the issuance of an execution; but the finding of the court that a certain sum is due the plaintiff from the defendant upon the claim set up in the petition, whereupon it is ordered, adjudged and decreed that the plaintiff have execution not only against the premises described in the mortgage but against the “goods and chattels, lands *348 and tenements of the defendant” for the satisfaction of the atpount found due him,. is equivalent to a finding and consideration by the court that the plaintiff have and recover from the defendant the amount found due upon his said claim.
The definiteness of expression and concise recital of facts in Doyle v. West, supra, indicate that the conclusion of the court is based' upon the particular facts there set forth, and that it was not intended that it should be extended to cover facts not included in that case.
In the subsequent case of Graham v. Simon, 76 Ohio St., 77, the judge delivering the opinion, in referring to the case of Doyle v. West, supra, said, at page 82: “Our judgment in the case was placed upon the nature of the finding and its deficiencies in the characteristics of a judgment. This clearly appears from the syllabus, whose functions in these reports is well known.”
In the opinion the facts distinguishing that case from the case of Doyle v. West are pointed out, to some of which we have already directed attention as distinguishing the case of Doyle v. West from the instant case. A further distinction, as noted in the case of Graham v. Simon, supra, lies in the fact that the action in the case of Doyle v. West was “for the recovery of a balance of the amount which the court had found to be the indebtedness secured by the mortgage, the finding having been made as the predicate of the decree of foreclosure to subject the mortgaged property, and not afford-, ing to the creditor any executory remedy against the general property of the debtor.”
*349 In the instant case there was a determination by the court, clearly manifested by its finding, order and decree, that the plaintiff recover from the defendants the full amount found due, and he was afforded an executory remedy against the general property of the debtor to satisfy the same.
It appearing therefore that this is an action to revive a judgment, and was brought within twenty-one years from the time it became dormant, the plaintiff is entitled to the relief sought. The judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Tones, Johnson and Donahue, JJ., concur.